# United States District Court

_____ DISTRICT OF MASSACHUSETTS _____

UNITED STATES OF AMERICA

V.

ANDREW PERRY
60 Hammond Street
Roxbury, MA

(Name and Address of Defendant)

**CRIMINAL COMPLAINT**

CASE NUMBER: MJ# 04-963-MBB

I, the undersigned complainant being duly sworn state the following is true and correct to the best of my knowledge and belief. On or about __May 26, 2004__ in __Suffolk__ county, in the _____ District of __Massachusetts__ defendant(s) did, (Track Statutory Language of Offense) having previously been convicted of a crime punishable by a term of imprisonment exceeding one year, possess, in and affecting commerce, a firearm, to wit: a Lorcin .380 caliber semi-automatic pistol bearing serial number 497697, and .380 caliber ammunition

in violation of Title __18__ United States Code, Section(s) __922(g)(1)__.

I further state that I am a(n) __Special Agent, ATF__ and that this complaint is based on the following
                                    Official Title
facts:

See attached affidavit.

Continued on the attached sheet and made a part hereof:   ☒ Yes   ☐ No

_____
Signature of Complainant

Sworn to before me and subscribed in my presence,

07-16-2004 @ 4:05 P.M.                          at      Boston, MA
Date                                                    City and State

MARIANNE B. BOWLER
CHIEF UNITED STATES MAGISTRATE JUDGE
Name & Title of Judicial Officer

_Marianne B. Bowler_ USMJ
Signature of Judicial Officer

This form was electronically produced by Elite Federal Forms, Inc.

## AFFIDAVIT

I, Lisa Rudnicki, having been duly sworn, on oath depose and state that:

1. I am a Special Agent with the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF"), and have been so employed since February, 1996. In that capacity, I have investigated numerous violations of the federal firearms statutes and have participated in multiple investigations relating to the unlawful possession of firearms and ammunition.

2. Based on my training and experience, I am aware that 18 U.S.C. § 922(g)(1) makes it a federal offense for any individual who has previously been convicted of a felony offense to possess a firearm or ammunition in or affecting interstate commerce. Having so stated, I make this affidavit in support of a complaint charging an individual named ANDREW PERRY("PERRY") with being a felon in possession of a firearm and ammunition in violation of that statute.

3. The statements contained in this affidavit are based on my own investigation, upon my review of relevant Boston Police Department reports, and upon information provided to me by officers of the Boston Police Department. This affidavit is submitted for the limited purpose of establishing probable cause

1

to believe PERRY violated 18 U.S.C. § 922(g)(1). Therefore, it does not set forth all of the information that I and other law enforcement personnel have obtained during the course of this investigation.

4. On May 26, 2004, PERRY was arrested by the Boston Police. The circumstances leading up to his arrest were as follows:

a. At approximately 4:52 P.M. on that date, Boston Police Officers Lawrence Craven and Todd Nolan of Area D4 were in a marked cruiser en route to assist units who were responding to a report of a man and woman fighting on Hammond Street and Columbus Avenue. The officers observed an unknown female, who motioned to the officers and pointed down Columbus Avenue. The officers continued driving down Columbus Avenue, when they observed a group of males standing outside Lexis Cleaners located at 607 Columbus Avenue. The men were frantically waving their arms and yelling, "He's got a gun. Someone's been shot." As they did so, they were motioning inside Lexis Cleaners.

b. The officers exited their marked cruiser and observed a heavy set male wearing a red and grey-hooded sweatshirt exit Lexis Cleaners. The witnesses motioned to the man wearing the hooded sweatshirt pulled over his head and

2

immediately yelled, "That's him!" The suspect, later identified as PERRY, began to sprint away down Northhampton Street towards Northeastern University.

    c. Officers Nolan and Craven, with Nolan in the lead, pursued the suspect on foot, running directly behind him. During the chase, the officers repeatedly yelled, "Police, stop!," and they observed PERRY to be holding the front right side of his pants in the area of his waist. PERRY then turned and looked over his right shoulder to observe the pursuing officers and proceeded to toss a silver firearm to the ground with his right hand. Officer Craven heard the sound of metal hitting the pavement and observed Officer Nolan bend over and retrieve a silver handgun and continue to pursue PERRY.

    d. Meanwhile, Northeastern University Police Officer Adam Keeling, driving a marked cruiser in the area, observed Officers Craven and Nolan in a foot chase and pulled his cruiser up alongside PERRY and observed PERRY throw a silver handgun to the ground. Officer Keeling drove his cruiser in front of PERRY, in effect, blocking his continued flight. At that point, PERRY stopped running and raised his hands over his head and obeyed the officers verbal commands to lay on the ground.

    e. Officer Craven handcuffed PERRY and Officer Nolan advised him of his Miranda Rights. In response to the questions

3

whether he had any other weapons on him and whether he had a gun permit, he replied, "No."

  f. PERRY was taken into custody and transported back to 607 Columbus Avenue by Officers Thomas Slowey and Michael O'Hara. Detective Sergeant Robert Morris and Detective Stanley Demesin then conducted a show-up identification procedure with witnesses Moliere Lochard, the owner of Lexis Cleaners, and Josue Hilaire, one of Lochard's employees. Both men positively identified PERRY as the same man who had run into Lexis Cleaners after a male subject, later identified as Eddy Alcindor, pointing a gun at Alcindor.

  g. Witness Lochard advised the police that Alcindor had entered Lexis Cleaners yelling, "He's going to shoot me," followed by PERRY, who pulled a silver handgun from his pants and began to point the gun at Alcindor. Upon seeing this, witnesses Lochard and Hilaire fled the cleaners and flagged down Officers Nolan and Craven.

  h. Alcindor, the victim of PERRY'S assault, was non-cooperative with the Boston Police and refused to provide a statement about the incident.

5. The firearm recovered by the Boston Police and referenced above proved to be a Lorcin, .380 caliber semi-automatic pistol bearing serial number 497697. At the time of

4

its recovery, the firearm was loaded with seven rounds of .380 caliber ammunition (specifically, the firearm was loaded with five rounds of R.P. .380 caliber ammunition, one round of CCI .380 caliber ammunition, and one round of PMC .380 caliber ammunition). On June 16, 2004, ATF Special Agent Phillip Ball, a certified interstate nexus examiner, conducted an examination of both the recovered firearm and ammunition and determined that neither the gun nor the ammunition with which it had been loaded were manufactured in Massachusetts. Consequently, both the firearm and ammunition necessarily traveled across a state line or international boundary before being recovered by the Boston Police on May 26, 2004. On May 26, 2004, Boston Police Officer Martin Lydon successfully test fired the firearm.

6. I have reviewed PERRY'S criminal record as maintained by the Massachusetts Criminal History Systems Board. It reveals, among other things, that PERRY was convicted in 1998 in Suffolk Superior Court of the felony offense of distribution of a Class B controlled substance, for which offense he was sentenced to a term of imprisonment in excess of one year.

7. Based on the foregoing, there is probable cause to believe that on May 26, 2004, ANDREW PERRY, having previously been convicted of a crime punishable by a term of imprisonment

exceeding one year, did posses, in and affecting commerce, a firearm and ammunition, in violation of 18 U.S.C. § 922 (g)(1).

*[signature]*
LISA RUDNICKI
Special Agent, ATF


Sworn and subscribed to before me this sixteenth day of July, 2004.

*[signature]*
MARIANNE B. BOWLER
CHIEF UNITED STATES MAGISTRATE JUDGE